IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT L. WARD,

                    Plaintiff,

vs.                                        Case No. 20-3062-SAC


LYON COUNTY SHERIFF'S DEPARTMENT,
et al.,

                    Defendants.


**O R D E R**

Plaintiff, pro se, has filed this action with claims arising from his incarceration in the Lyon County Jail.  He brings this case pursuant to 42 U.S.C. § 1983.  His complaint also mentions 42 U.S.C. § 2000e.  This case is before the court for screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant is not relieved from following the same rules of procedure as any other

1

litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

Conclusory allegations without supporting facts "are insufficient

to state a claim upon which relief can be based." Hall v. Bellmon,

935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply

additional  factual  allegations  to  round  out  a  plaintiff's

complaint or construct a legal theory on plaintiff's behalf."

Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state

a claim upon which relief may be granted," the court must determine

whether  the  complaint  contains  "sufficient  factual  matter,

accepted as true, to 'state a claim for relief that is plausible

on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court

accepts the plaintiff's well-pled factual allegations as true and

views them in the light most favorable to the plaintiff.  United

States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court

may also consider the exhibits attached to the complaint.  Id.

The court, however, is not required to accept legal conclusions

alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus,

mere 'labels and conclusions' and 'a formulaic recitation of the

elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)

(quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting Twombly, 550 U.S. at 557).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights.  Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations.  They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

There are three counts in plaintiff's complaint.  The complaint is not too long, but it adopts a stream of consciousness

3

approach in places and is difficult to follow.  Count One alleges
that plaintiff's access to notary services has been limited; that
motions have not been taken to the courthouse; that requests for
address/information regarding an attorney were not responded to;
that he has been denied access to videos taken at the jail; that
his grievances or complaints have not been answered; that he has
not been allowed to "file charges/action" against sheriff's
deputies; that he has been denied access to publications; and that
he has been slandered and humiliated.

Count Two alleges that his grievances have not been answered
or answered truthfully.  He further alleges that he was laughed at
by jail officers and inmates.  He also claims that he has not had
"faithful" access to the law library.

Count Three alleges generally mental anguish, embarrassment,
depression, anxiety, paranoia, poor sleep and disturbing dreams.

Plaintiff names as defendants: the Lyon County Sheriff's
Department; Sheriff Cope; Captain Brian Anesty; Deputy Doug
Espinoza; Deputy Shane Parker; and "unnamed" deputies at the jail.

III. Rulings

A. The Lyon County Sheriff's Department should be dismissed.

This court has held that governmental sub-units such as
sheriff's departments and municipal police departments are not
suable entities.  Buchanan v. Johnson Cty. Sheriff's Dep't, 2019
WL 3453738 *4 (D. Kan. July 31, 2019); Schwab v. Kansas, 2017 WL

2831508 *13 (D.Kan. 6/30/2017)(Riley County Police Department);

Johnson v. Figgins, 2013 WL 1767798 *5 (D.Kan. 4/24/2013)(Wilson

County Sheriff's Department).   Therefore, plaintiff may not

proceed with an action against the Lyon County Sheriff's

Department.[1]

   B. Plaintiff has not stated a claim under Title VII.

   Plaintiff makes reference to 42 U.S.C. § 2000e-2 which

prohibits employment discrimination by various entities.

Plaintiff's complaint, however, does not allege discrimination in

employment.

   C. Plaintiff has not stated a plausible claim under § 1983.

   "To state a claim under § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."   West v.

Atkins, 487 U.S. 42, 48 (1988)(citations omitted).   As explained

below plaintiff has not alleged a plausible claim that his rights

under the Constitution or federal law have been violated by a

specifically identified defendant.

---

[1] Furthermore, if plaintiff were to name an entity which could be sued, such as
the Board of County Commissioners or Sheriff Cope in his official capacity, his
claims would still fail as currently alleged for the reasons which follow in
this opinion.

### 1. No constitutional right to a grievance process

Plaintiff does not have a constitutional right to have a grievance investigated and acted upon.  See Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011)(citing cases from various circuits); Boyd v. Werholtz, 443 Fed.Appx. 331, 332 (10th Cir. 2011)(same); Watson v. Evans, 2014 WL 7246800 *7 (D.Kan. 12/17/2014)(failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); Stallings v. Werholtz, 2011 WL 6934266 *7 (D.Kan. 12/30/2011)(no constitutional right to investigation of grievances).  Plaintiff, therefore, fails to state a claim in Counts One and Two when he alleges that his grievances have not been answered or answered truthfully.

### 2. Access to the courts

Plaintiff appears to allege that his access to the courts has been inhibited because of obstacles to using a notary, to filing pleadings, to using the law library, to obtaining information, and to watching jail video.  In order to bring a civil rights claim under § 1983 for the denial of a right of access to the courts, plaintiff must allege an actual injury or an imminent actual injury because of the loss or frustration of a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 351–53 (1996)(a prisoner does not have "an abstract, freestanding right to a law library or legal assistance" and therefore "cannot establish relevant actual injury

simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"); <u>Brooks v. Colorado Dept. of Corrections</u>, 762 Fed.Appx. 551, 558-59 (10th Cir. 2019)(general allegations of interference with ability to bring legal claims do not suffice to show denial of access to the courts); <u>McBride v. Deer</u>, 240 F.3d 1287, 1290 (10th Cir. 2001)(plaintiff must do more than make a conclusory allegation that library and resources were inadequate).  Here, plaintiff does not allege facts plausibly describing a nonfrivolous legal claim which has been frustrated or impeded by a lack of access to courts or which may be lost by such a lack of access.

### 3. No right to bring criminal charges

A private citizen does not have a constitutional right to have criminal charges filed against another person.  See <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973)("[A]private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Therefore, plaintiff's claim that his efforts to have "charges" filed (assuming plaintiff means criminal charges), fails to state a claim.

### 4. Due process and equal protection

Plaintiff makes conclusory assertions of a denial of his rights to due process and equal protection.  As stated in section I of this order, mere labels and conclusions fail to state a plausible claim for relief.  Moreover, it is well-recognized that

"[p]rocess is not an end in itself." Olim v. Wakinekona, 461 U.S. 238, 250 (1983).   To state a plausible procedural due process claim, plaintiff must allege a substantive property or liberty interest which was impaired without due process.   See Zinermon v. Burch, 494 U.S. 113, 127 (1990).   Plaintiff has failed to make such an allegation in the complaint.

Plaintiff has also failed to allege facts showing the type of disparate or discriminatory treatment which would support a plausible equal protection claim.   See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Haik v. Salt Lake City Corp., 567 Fed.Appx. 621, 631-32 (10th Cir. 2014)(requiring intentionally disparate treatment from others similarly situated without a rational basis for the difference in treatment).

5. Harassment or embarrassment fails to state a claim.

Plaintiff make broad claims that he suffered humiliation, slander, embarrassment and harassment.   Assuming that plaintiff is a pretrial detainee, to state a constitutional claim, he must allege facts showing that the misconduct was objectively unreasonable and harmful enough to establish a constitutional violation.   See Kingsley v. Hendrickson, 135 S.Ct. 2466, 2474-74 (2015).   In general, verbal harassment or abuse is insufficient to state a constitutional deprivation in a jail setting.   See Tate v. Wiggins, 2020 WL 882880 *3 (3rd Cir. 2/24/2020)(offensive comments from prison guard); McBride, 240 F.3d at 1291 n.3 (verbal threats

and taunts); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)(simple verbal harassment does not constitute cruel and unusual punishment, deny a liberty interest or deny equal protection of the laws); Cotton v. Isaacson, 1991 WL 55866 *1 (10th Cir. 4/5/1991)(slander alone does not violate the Constitution); Rivera v. Garfield County Sheriff's Department, 2015 WL 10015375 *5 (W.D.Okla. 12/14/2015)(verbal abuse and offensive comments).

### 6. Personal participation

In order to state a claim against an individual defendant under § 1983, a complaint must describe how the defendant was personally involved in the constitutional violation. See Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). A complaint should explain what each defendant did, when it was done, how plaintiff was harmed and what legal right was violated. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff does not make such allegations in Count One or Count Three.

### 7. Retaliation

While it is not totally clear, plaintiff may be asserting a claim of retaliation. To state a First Amendment retaliation claim, plaintiff must allege: 1) he engaged in constitutionally protected activity; 2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and 3) the defendant's

adverse action was substantially motivated as a response to his constitutionally protected activity.  Gray v. Geo Group, Inc., 727 Fed.Appx. 940, 946 (10th Cir. 2018)(citing  Mocek v. City of Albuquerque, 813 F.3d 912, 930 (10th Cir. 2015)).  Here, plaintiff's general and subjective conclusions regarding motive are not sufficient to state a claim for retaliation.   See Gray, 727 Fed.Appx. at 946-47 (faulting vague and conclusory allegations of retaliatory motive); Banks v. Katzenmeyer, 645 Fed.Appx. 770, 772 n.2 (10th Cir. 2016)(same).

### 8. Gross negligence

Plaintiff makes a very general claim of "gross negligence." Negligence, however, is insufficient grounds upon which to bring a § 1983 claim. See Kingsley, 135 S.Ct. at 2472; Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007).

### D. Compensatory damages

The complaint asks for an award of compensatory damages without alleging a physical injury.  Such a claim is barred under 42 U.S.C. § 1997e(e) which states:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

IV. Conclusion

For the above-stated reasons, the court believes that the complaint fails to state a federal claim for relief against the named defendants.  The court shall direct that plaintiff by June 22, 2020 show cause why plaintiff's federal claims should not be dismissed as explained in this order.  In the alternative, plaintiff may file an amended complaint by June 22, 2020 which corrects the deficiencies discussed herein.  An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.  An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 26th day of May, 2020, at Topeka, Kansas.


s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge